# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO: 3:26-CV-00182-MR

| | | |
|---|---|---|
| WAYNE LESLIE BRANCH, JR., | ) | |
| | ) | |
| Petitioner, | ) | **SHERIFF HAWKINS'** |
| | ) | **MOTION TO DISMISS** |
| v. | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEUS CORPUS AND** |
| CHAD HAWKINS, Sheriff of | ) | **MEMORANDUM OF LAW** |
| Gaston County | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

NOW COMES RESPONDENT, SHERIFF CHAD HAWKINS ("Sheriff") through undersigned counsel, following this Court's 30-Day Order [Doc.#3] to answer or otherwise respond to the 28 USC § 2241 Petition for Writ of *Habeas Corpus* of Petitioner Wayne Leslie Branch, Jr. ("Petitioner" or "Branch") [Doc.#1] after dismissing Gaston County Superior Court/Jail and finding that the "Court cannot conclude from the record before it at this time that Petitioner is not entitled to relief", and hereby Moves to Dismiss the Petition as to Sheriff Hawkins and in seeking dismissal of the Petition, presents the following Memorandum of Law:

## Procedural History

Petitioner Branch, a state pre-trial detainee, was arrested and detained in the Gaston County jail pursuant to orders of a state court magistrate in Gaston County

for attempted murder in the first degree on December 20, 2024,[1] and thereafter indicted by a grand jury on January 13, 2025.[2] (*See Exhibit A-1* Order for Arrest and *Exhibit A-2* Indictment), both are public record.[3]

History of the criminal case reveals that Branch was appointed counsel by Court Order on December 23, 2024 (*Exhibit A-3)*. Arraignment occurred on May 8, 2025. (*Exhibit A-4*). A Motion for Speedy Trial was denied by Court Order on August 19, 2025 *(Exhibit A-5)*. His attorney was permitted to withdraw on October 22, 2025 (*Exhibit A-6)*. New counsel was appointed by court order on December 31, 2025 *(Exhibit A-7)*.

The terms of his release, originally set on December 22, 2024, with no bond *(Exhibit A-8)*, were modified by Superior Court Judge on April 7, 2025, to a five-million-dollar ($5,000,000) secured bond, with continued commitment to the Gaston County jail unless bond was posted *(Exhibit A-9)*. Petitioner has not posted bond and remains in the custody of Sheriff Hawkins at the Gaston County jail, awaiting trial.

---

[1] This court, in its 30-day Order [Doc.#3] at f/n 2 has already taken judicial notice of the criminal court case pursuant to Fed. R Evid. 201.

[2] Branch was indicted January 13, 2025, by a grand jury on the following charges: 01 - Attempted First Degree Murder, 02 - Break/Enter Terrorize, 03 – DV Protective Order Viol (M) 04 – Resisting Public Officer. *See Exhibit A-2.*

[3] All exhibits (A-1 through A-9) are True Copies of pertinent criminal state court records State of NC v Wayne Branch, Gaston County Superior Court criminal case 24CR483964-350), of which the court is requested to take judicial notice.

<u>**Argument**</u>

1.  <u>**The Sheriff Is Not The Proper Party Respondent**</u>.

Counsel for Leslie Cooley-Dismukes, the Secretary of the North Carolina Department of Adult Correction, (Secretary) has entered appearance in this case [Doc. #4], indicating that the Secretary is the proper respondent, herein and should be substituted in place of the Sheriff, See Doc #4 at f/n 1:

> Under Federal Habeas Rule 2(a) "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction "shall have control and custody of all prisoners serving sentence in the state prison system." N.C.G.S. § 148-4 (2023).

As the state court records clearly show, Petitioner "is currently in custody under a state-court judgment". [*See Exhibits A-1, A-8, and A-9*].

2.  <u>**Petitioner Is In The Legal Custody Of The Sheriff.**</u>

While a 28 U.S.C. § 2241 petition may challenge the legality of the detention, Petitioner has not raised any constitutional challenges to the crimes of which he is charged, nor has he alleged that the Sheriff is without legal authority to hold him as a pretrial detainee. As reflected, the Orders directing that Branch be held in the Gaston County jail are facially valid. *(See Exhibits A-1, A-8, and A-9)*. Pursuant to North Carolina law, the Sheriff takes custody of prisoners once processed before a

judicial officer. *See* N.C.G.S. § 162-126 (requiring the sheriff to receive and keep prisoners committed to jail by court or magistrate). Thus, Sheriff Hawkins is duty-bound to confine Petitioner, until ordered otherwise.

In his Petition, Branch voices his displeasure with the amount of his bond, the speediness of his trial, and with his former legal counsel Mr. Lifford, who was permitted to withdraw in October 2025 (*Exhibit A-6)*, seemingly with Petitioner's blessing, who claims in his Petition that he sought to have Mr. Lifford removed on various dates. Judicially assigned court-appointed defense counsel Jennifer Ann Errington has been representing Branch since December 31, 2025 (*Exhibit A-7*), roughly two months as of the date of his Petition [Doc #1]. Petitioner's gripes appear to rest with representation issues, rather than challenges of the lawfulness of his confinement such as double jeopardy *See Seay v Cannon*, 927 F.3d 776 (4th Cir., 2019).

### 3. <u>**This Court Should Abstain From Intervening.**</u>

Petitioner seeks the court to intervene in the pending state court criminal proceedings. However, the abstention doctrine bars this court from doing so. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 41 (1971). Federal courts may not interfere with ongoing state criminal proceedings

4

except in the most extraordinary circumstances. *See Allee v Medrano*, 416 U.S. 802 (1974). No such extraordinary circumstances are raised.

Petitioner's Eighth Amendment claim as to excessive bail is similar to the argument struck down by this court in 2021, recognizing the *Younger* doctrine that "a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances." *Sparks v Mitchell County*, 2021 U.S. Dist. LEXIS 37042 (WDNC 2021)(citations and internal quotations omitted.) *Sparks* applies the Fourth Circuit's 3-prong analysis of *Younger*: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." (citations omitted.) *Sparks* at *3. Like Sparks, Petitioner Branch is under court-order to be detained pending trial on state criminal charges, with bail, thereby implicating important state interest to satisfy the first two prongs. However, the third prong is missing.

> Under the third prong, the scheme for federal habeas review is designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. A petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b), (c); Rule 1(b), 28 U.S.C. foll. § 2254. A habeas petitioner satisfies the exhaustion requirement by fairly presenting his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. The petitioner bears the burden of proving exhaustion.

*Sparks*, at *4-5 (internal quotation marks and citation omitted).

5

In *Sparks*, the petitioner alleged an unreasonably high bond, with no reduction hearing in 13 months. In the instant matter the state court records reflect two bond hearings, one in December 2024 and a second in April 2025 (11 months ago) (*Exhibits A-8 and A-9*). His motion for speedy trial was heard and denied (*See Exhibit A-5*). Branch, like Sparks, does not allege that he has filed a petition for a writ of habeas corpus in Superior Court or that he has petitioned the North Carolina Court of Appeals for review, as permitted by law. Like in *Sparks*, this court should find the *Younger* Abstention doctrine bars review.

4. **<u>Petitioner Has Failed To Exhaust Remedies.</u>**

Although Petitioner claims he has exhausted state court remedies, the state court records reflect contrary, and best, evidence. His state criminal charges are still pending. He has new counsel. No *habeas* motion has been heard in State court, and no order for release exists. Thus, state court remedies have not been exhausted as required. Because the Petitioner has an adequate opportunity to raise his federal claim in the state courts, this court should find Branch has an adequate remedy at law and dismiss his Petition.

<b><u>Conclusion</u></b>

For the reasons stated above, this Court should dismiss Petitioner's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus with prejudice, and to grant such other and further relief as the Court may deem just and proper.

6

Respectfully submitted, this the 26th day of March 2026.

**s/Martha Raymond Thompson**
NC State Bar # 16020
*Attorney for Respondent Sheriff Chad Hawkins*
Executive Legal Counsel
704-866-3227
Martha.Thompson@GastonGov.com

*Mailing address:*
Gaston County Legal Department
128 West Main Ave, 3rd Floor
Gastonia NC 28052

## CERTIFICATE OF SERVICE

The undersigned certifies that she has served the foregoing document and referenced exhibits upon Petitioner, who is appearing *pro se*, via US Mail at his last known address this the 26th day of March 2026:


**Wayne Leslie Branch, Jr.**
**#313466**
Gaston County Jail
425 Dr. M.L.K. Jr. Way
Gastonia, NC 28052


**s/Martha Raymond Thompson**