# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:26-cv-00182-MR

| | | |
|---|---|---|
| WAYNE LESLIE BRANCH, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHAD HAWKINS, | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 1] and on Defendant Chad Hawkins' Motion to Dismiss [Doc. 5]. Also pending is a Motion to Withdraw as Counsel filed by North Carolina Assistant Attorney General Megan Shook [Doc. 7].

## I.    BACKGROUND

The Petitioner is a pretrial detainee at the Gaston County Jail on various charges, including attempted first-degree murder. He has filed the instant § 2241 petition challenging his pretrial detention and criminal prosecution. [Doc. 1].

On December 20, 2024, the Petitioner was arrested pursuant to a warrant for attempted first-degree murder; breaking and entering to terrorize

or injure; misdemeanor violation of a domestic violence protective order; and resisting a public officer. [Doc. 5-1]. Counsel was appointed to represent the Petitioner on December 23, 2024. [Doc. 5-3]. The Petitioner was indicted on January 13, 2025, and he was arraigned on May 8, 2025. [Doc. 5-2; Doc. 5-4].

The Petitioner was initially denied bond. [Doc. 5-8 (Dec. 22, 2024 Order)]. On April 7, 2025, a secured bond was set for $5 million. [Doc. 5-9]. The Petitioner has not posted bond and he remains in pretrial detention at the Gaston County Jail.

The Petitioner filed a *pro se* Motion for Speedy Trial which was denied in open court on August 19, 2025. [Doc. 1-1 at 1;[1] Doc. 5-5].

On October 22, 2025, Petitioner filed *pro se* Motions to Reduce Bail, and to Dismiss for Violation of Constitutional Right to Speedy Trial. [Doc. 1-1 at 8; id. at 2 (docketed as a Motion for Appropriate Relief)]. That day, counsel moved to withdraw due to irreconcilable differences. [See Doc. 1-1 at 6 (Petitioner's Motion to Dismiss Counsel dated Oct. 6, 2025); Doc. 5-6 (October 23, 2025 Order granting withdrawal and appointing new counsel); see also Doc. 5-7 (December 31, 2025 Order appointing new counsel)].

---

[1] The Motion is dated May 16, 2025; it is unclear when it was docketed in state court.

2

On January 13, 2026, the Petitioner filed a *pro se* "Writ of Habeas Corpus" in state court, arguing that he has been unlawfully imprisoned and restrained of his liberty. [Doc. 1-1 at 11 (docketed as Inmate Correspondence)].

On March 27, 2026, the Petitioner's counsel was allowed to withdraw and yet another attorney was appointed. On May 19, 2026, new counsel filed a Motion for Bond Modification and a Motion for Scheduling Conference. The Gaston County docket indicates that a motion hearing is scheduled for August 3, 2026, and that discovery is underway.[2]

Meanwhile, the Petitioner filed the instant § 2241 Petition on March 4, 2026,[3] the Petitioner claims: (1) he is being held on excessive bond; (2) he is being denied a speedy trial; (3) he is being denied due process in that the State refuses to schedule a speedy trial or a hearing on his pending motions; and (4) he is being denied his Sixth Amendment right to the effective assistance of counsel.[4] [Doc. 1]. For relief, the Petitioner seeks due process,

---

[2] The Court previously took judicial notice of Gaston County Superior Court Case No. 24CR483964. [See Doc. 3 at 1, n.2]. See https://portal-nc.tylertech.cloud/app/RegisterOfActions/#/3B19E7F506EC8B599B514AD9AC41A210475BACF93BB725C5FEDFCAA23141E2F5DE3A809D617D822AA4926806D5D96361B25995C44AE9BAECAC5299B07E8E190D1711D387EAA24531FA158354B6F7580D/anon/portalembed (last accessed July 27, 2026).

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

[4] Insofar as the Petitioner complains that the state court failed to rule on his motion for

3

a hearing, and his release.  [Id. at 7; see also Doc. 9 at 5 (seeking dismissal with prejudice)].

On March 12, 2026, the Court ordered Gaston County Sheriff Chad Hawkins to respond to the Petition.  [Doc. 3].  Thereafter, Assistant Attorney General Megan Shook filed a Notice of Appearance asserting that the proper Respondent in this action is Secretary of the North Carolina Department of Adult Corrections Leslie Cooley-Dismukes.   [Doc. 4].   Ms. Shook now acknowledges, however, that Sheriff Hawkins is the correct Respondent and she seeks to withdraw as counsel.  [Doc. 7].

On March 26, 2026, Sheriff Hawkins filed a Motion to Dismiss and supporting materials.  [Doc. 5].  Thereafter, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the requirements for filing a response to the motion to dismiss.  [Doc. 6].  The Petitioner filed a verified Response.  [Doc. 9]. Sheriff Hawkins has not replied and the time to do so has expired.  This matter is therefore ripe for disposition.

## II.    STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the

---

new counsel, this is moot, as new counsel was appointed on March 27, 2026.

petitioner is entitled to any relief on the claims set forth therein. <u>See</u> Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to other habeas petitions).  After examining the record in this matter, the Court finds that the Amended § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law.  <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Title 28, Section 2241 provides district courts with authority to grant relief "within their respective jurisdictions."  <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004) (quoting 28 U.S.C. § 2241(a)).  As a general matter, a habeas petition seeking to challenge present physical custody should be filed in the district of confinement, and "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" <u>Id.</u> at 434 (quoting 28 U.S.C. § 2242). The custodian is "the person with the ability to produce the prisoner's body before the habeas court. <u>Id.</u>

Here, the Petitioner is a pretrial detainee at the Gaston County Jail, under the authority of Sheriff Hawkins.  [Doc. 5 at 3-4]; <u>see</u> N.C.G.S. § 162-22 ("The sheriff has exclusive custody and control over the jail in his county"). Because Sheriff Hawkins is the Petitioner's immediate custodian, he is the

5

appropriate respondent in this action. Accordingly, Ms. Shook's Motion to Withdraw [Doc. 7] will be granted.

A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, exhaustion is required prior to filing a § 2241 petition. See, e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

The Petitioner makes no proper claim of having engaged one complete round of North Carolina's established appellate review process. As such,

6

the Petitioner failed to exhaust his state remedies before filing this action. Because the Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Petition will, therefore, be dismissed without prejudice. Insofar as Sheriff Hawkins seeks dismissal *with* prejudice, this is denied. See, e.g., Timms v. Johns, 627 F.3d 525 (4th Cir. 2010).

Even if the Petitioner had exhausted his claims, § 2241 relief appears to be precluded by abstention principles. While federal courts have the jurisdiction to grant federal habeas relief in advance of trial, Younger v. Harris, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should exercise jurisdiction conferred on them by statute." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423,

432 (1982)); see also Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013) (explaining the circumstances when Younger abstention is appropriate).

The first Younger prong is satisfied in the instant case because the Petitioner has ongoing criminal proceedings in state court. The second prong is satisfied because "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation omitted). The third prong is satisfied because "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). The Petitioner has an adequate remedy at law with regard to his criminal prosecution, and he has failed to demonstrate the existence of narrow and extraordinary circumstances that warrant immediate consideration of his claims. Accordingly, the Court concludes that the Petitioner's § 2241 claims are barred by Younger abstention.

Moreover, to the extent that the Petitioner seeks the dismissal of his pending criminal charges, such relief is not available by way of § 2241. See

8

<u>Dickerson</u>, 816 F.2d at 226 ("[A]n attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus) (quoting <u>Brown v. Estelle</u>, 530 F.2d 1280, 1283 (5th Cir. 1976)).

## IV.  CONCLUSION

For the reasons stated herein the Motion to Dismiss is granted in part and denied in part, and the Petitioner's § 2241 Petition is dismissed without prejudice.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that:

1.  Defendant Hawkins' Motion to Dismiss [Doc. 5] is **GRANTED IN PART AND DENIED IN PART** as stated in this Order.

2. The Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

3. The Motion to Withdraw as Counsel filed by Megan Shook [Doc. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.**

Signed: August 6, 2026

Martin Reidinger
Chief United States District Judge